**Lynn NOYES, Plaintiff–Appellant,**

v.

**KELLY SERVICES, INC., a Corporation, Defendant– Appellee.**

**Lynn Noyes, Plaintiff–Appellant Cross Appellee,**

v.

**Kelly Services, Inc., a Corporation, Defendant–Appellee Cross Appellant.**

**Lynn Noyes, Plaintiff–Appellant Cross Appellee,**

v.

**Kelly Services, Inc., a Corporation, Defendant–Appellee Cross Appellant.**

Lynn Noyes, Plaintiff–Appellant
Cross Appellee,

v.

Kelly Services, Inc., a Corporation,
Defendant–Appellee Cross
Appellant.

Nos. 08–16781, 08–16851, 08–16877.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2009.

Filed Oct. 20, 2009.

M. Catherine Jones, Nevada City, CA,
for Plaintiff–Appellant.

E. Joseph Connaughton, Greg A. Klaw-
itter, Esquire, Paul Plevin Sullivan & Con-
naughton, LLP, San Diego, CA, for Defen-
dant–Appellee.

Before: SCHROEDER, REINHARDT
and HAWKINS, Circuit Judges.

## MEMORANDUM *

A jury awarded appellant Lynn Noyes $647,174.00 in compensatory damages and $5.9 million in punitive damages in her action against Kelly Services. The district court reduced the jury's punitive damage award from a ratio of 9.1–to–1 to a ratio of 1–to–1. In her appeal, Noyes seeks a higher ratio of punitive damages, and in its cross-appeal, Kelly seeks punitive damages reduced or stricken in their entirety. Kelly further seeks a new trial on the merits, contending the district court abused its discretion in refusing to admit letters favorable to Kelly from the California Department of Fair Employment and Housing.

■ The district court did not err in reducing the jury's award of punitive damages. "[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)). To determine reprehensibility, we consider whether the following aggravating factors are present: (1) "the harm caused was physical as opposed to economic"; (2) "the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others"; (3) "the target of the conduct had financial vulnerability"; (4) "the conduct involved repeated actions or was an isolated incident"; and (5) "the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Id.*

Here, each of the last three factors is present, but none to a particularly signifi-

cant degree. Our analysis of these factors in an individual case is highly fact-specific; as is our assessment of the egregiousness of the defendant's actions. Punitive damages should be no higher than is necessary to deter and punish a defendant for egregious behavior. *See id.* "[O]ur goal is to determine whether the punitive damages achieved their ultimate objectives of deterrence and punishment." *S. Union Co. v. Irvin*, 563 F.3d 788, 791 (9th Cir.2009). Given the modest reprehensibility of Kelly's conduct, the 1–to–1 ratio ordered by the district court is sufficient to achieve this goal.

■ Kelly's cross-appeal challenges the exclusion of two letters from the California Department of Fair Employment and Housing. The district court determined that the risk of prejudice "substantially outweighed" the probative value of the letters. *See* Fed.R.Evid. 403; *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir.1999). Kelly contended it wanted the letters admitted for the limited purpose of justifying its conduct. To the extent that Kelly contended that the ongoing investigation justified its lack of remedial action at any time relevant to the case, the district court read to the jury a stipulation that explained the timeline of the administrative investigation. The court did not err in ruling that the letters themselves should not be disclosed to the jury. They were unduly prejudicial. As we said in *Beachy*, "[t]here is a much greater risk of unfair prejudice involved in introducing a final agency ruling," because of the possibility the jury will give undue weight to that determination. 191 F.3d at 1015.

■ Kelly also contends that there was insufficient evidence of malice to support

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

any award of punitive damages. The jury was properly instructed, however, and the arguments of the plaintiff to the jury were supported by the evidence. There is no legal support for Kelly's argument, raised for the first time on appeal, that excessive favoritism toward one group cannot be malice against another.

■ Plaintiff's counsel achieved a good result for her client in obtaining both substantial compensatory and punitive damages. Kelly now challenges the sufficiency of the evidence to support the amount of compensatory damages. The Supreme Court has held that this is not a proper argument to be raised for the first time on appeal. *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.,* 546 U.S. 394, 407, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006).

AFFIRMED.